IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES TROIANO, ) | Criminal No. 05-00261 HG-1 |
| ) | Civil No. 22-00101 HG-WRP |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**ORDER REFERRING PETITIONER JAMES TROIANO'S MOTION (ECF No. 369) TO THE NINTH CIRCUIT COURT OF APPEALS FOR §2255(h) CERTIFICATION**

On March 14, 2022, Petitioner James Troiano filed a document entitled "MOTION FOR RECONSIDERATION" seeking to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 369).  Petitioner previously filed Section 2255 habeas motions in 2009, 2016, and 2019.

The current Section 2255 Motion (ECF No. 369) claims that Petitioner's sentence is unconstitutional pursuant to the Ninth Circuit Court of Appeals' decision in United States v. Prigan, 8 F.4th 1115 (9th Cir. 2021).

The Court finds that the current Section 2255 Motion (ECF No. 369) is a "second or successive" petition that requires certification from the Ninth Circuit Court of Appeals before this Court may assert jurisdiction.  United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009); see United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).

A petitioner is required to receive certification by a panel of the appropriate Court of Appeals before he may file a second or successive habeas petition in District Court.  28 U.S.C. §§ 2255(h), 2244(b)(3)(A); Jones v. Ryan, 733 F.3d 825, 842 (9th Cir. 2013).

The requirements of Section 2255(h) create a jurisdictional bar to the petitioner's claims in District Court if the petitioner does not first obtain the Ninth Circuit Court of Appeals' authorization.  Ezell v. United States, 778 F.3d 762, 765 (9th Cir. 2015).

Ninth Circuit Court of Appeals Rule 22-3 provides that "[i]f an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."  9th Cir. R. 22-3(a).

Pursuant to Ninth Circuit Court of Appeals Rule 22-3(a), the Court **REFERS** Petitioner's MOTION (ECF No. 369) to the Ninth Circuit Court of Appeals for consideration as an application for leave to file a second or successive habeas petition.

The case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk of Court is directed to **CLOSE THE CASE**.  The case will be reopened if the Ninth Circuit Court of Appeals subsequently authorizes the filing of Petitioner's second or

successive Section 2255 habeas petition with this Court.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 16, 2022.



Helen Gillmor
United States District Judge